UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BROOKE THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MILDRED LINNIMEIER,<br><br>    Defendant. | CAUSE NO. 1:22-CV-206-HAB-SLC |

OPINION AND ORDER

Brooke Thompson, a prisoner without a lawyer, filed a complaint about the actions of a correctional officer at the Allen County Jail, where she is detained awaiting trial. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Because Thompson is a pre-trial detainee, her claims must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in

two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Thompson's complaint centers around the actions of Officer Mildred Linnimeier. First, she complains that in November 2021, several inmates on P-Block were having a prayer circle just before the final lockdown of the night. She alleges that Officer Linnimeier was joking with inmates who were not participating in the prayer circle about how people come to jail and "find God." ECF 1 at 3. Officer Linnimeier then told Thompson, "I bet you do see God," which made Thompson feel like Officer Linnimeier was mocking her for her mental illness and for praying. ECF 1 at 3-4. Although it was unprofessional, this one-time remark does not rise to the level of a constitutional claim. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("Simple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution."), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

2

Next, Thomson complains about Officer Linnimeier's actions when she again worked on her block two days in February 2022. When medical staff was passing out evening medication on February 25, Thompson noticed that she was missing her quetiapine pills, a mood disorder medication. When she asked about the missing medication, Officer Linnimeier allegedly interjected and said that she had gotten that medication taken from her. The medical staff passing out medication told Thompson that the medication had been ordered but was just not put on the medication cart. That staff member went to retrieve the medication but never returned. The next night, Thompson again did not receive her quetiapine pills. At the end of the night, Thompson asked Officer Linnimeier about it, and the officer just laughed and walked away. Thompson also alleges that those same two days Officer Linnimeier restricted her access to her tablet, and in doing so denied her the ability to practice her religion, prevented her access to the law library, and did not allow her access to medical request forms.

The allegations surrounding Officer Linnimeier's actions are too vague to state a claim. Thompson includes little to no facts describing what Officer Linnimeier did, how she could have interfered with Thompson's medication or tablet, or what affect the officer's actions had on her. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

3

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). It is clear that Thompson and Officer Linnimeier experience conflict, but there is insufficient detail to reasonably infer that Officer Linnimeier's actions over these few days of Thompson's multi-month detention constitute punishment under the Fourteenth Amendment.

After she filed the complaint, Thompson filed a motion for a preliminary injunction, stating that the harassment from Officer Linnimeier has continued and asking that the court order that Officer Linnimeier not be allowed to work on her block. ECF 5. However, because the complaint does not currently state a claim, the preliminary injunction must be denied.

This complaint does not state a claim for which relief can be granted. If she believes she can state a claim based on (and consistent with) the events described in this complaint, Thompson may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at

4

least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, she needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from her law library. After she properly completes that form addressing the issues raised in this order, she needs to send it to the court.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 5);

(2) GRANTS Brooke Thompson until **October 3, 2022**, to file an amended complaint; and

(3) CAUTIONS Brooke Thompson if she does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 31, 2022.

                                                    s/Holly A. Brady_____
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT