UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BROOKE THOMPSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-206-HAB-SLC |
| MILDRED LINNIMEIER, | |
| Defendant. | |

OPINION AND ORDER

Brooke Thompson, a prisoner without a lawyer, filed a complaint, claiming that Mildred Linnimeier, a correctional officer at the Allen County Jail, was harassing her, and those actions violated the Constitution. ECF 1. The court determined that the complaint was too vague to plausibly allege Officer Linnimeier's actions rose to the level of a constitutional violation and allowed Thompson time to file an amended complaint more fully explaining her allegations. ECF 6. She has done so. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Thompson alleges that Officer Linnimeier twice interfered with her medicine. First, on July 19, 2022, the nurse distributing medication crushed Thompson's medicine

and put it into her cup with water in it. Officer Linnimeier then allegedly took the cup of medication from Thompson's hands, went into a utility closet, and came out with a plain cup of water. Thompson says she asked Officer Linnimeier where her medication was, but her only response was a "smirk." ECF 7 at 6. Thompson says she tried to get new medication from the nurse, who refused.

Then, on August 18, 2022, Officer Linnimeier came to Thompson's cell with the person passing out medication. Thompson objected to her medication arriving already crushed, rather than being crushed in front of her, which prompted Officer Linnimeier to question whether she was refusing her medication. Thompson says she responded in the negative, yet was still refused her medication due to Officer Linnimeier ordering her back into her cell. Later that night, Thompson alleges that she told Officer Linnimeier she felt dizzy from not taking her medication. But Officer Linnimeier did nothing, and Thompson suffered two seizures that night.

Because Thompson is a pretrial detainee, her rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4)

2

the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Thompson the inferences to which she is entitled, she states a claim against Officer Linnimeier for interfering with her medical treatment. She alleges that Officer Linnimeier purposely prevented her from getting her medication on two occasions, resulting in a seizure after the second time. It is possible Officer Linnimeier might be able to prove that her actions were a reasonable response to circumstances not apparent from the complaint. But at this point, Thompson may proceed against Officer Linnimeier on a claim for unreasonable interference with medical care under the Fourteenth Amendment.

Next, Thompson alleges that Officer Linnimeier found out on June 2, 2022, that she filed a lawsuit against her. That same day, Officer Linnimeier came to her block, even though she was stationed elsewhere, and took her tablet away. Thompson protested and told her she needed her tablet in order to have access to jail request forms, religious material, and law library resources. Officer Linnimeier replied, "I don't have to give you shit," and slammed the cell door closed. ECF 7 at 5.

3

Thompson has plausibly alleged a First Amendment retaliation claim against Officer Linnimeier. An allegation of First Amendment retaliation requires the plaintiff to show that "(1) [she] engaged in activity protected by the First Amendment; (2) [she] suffered a deprivation that would likely deter First Amendment activity in the future; and (3) [her] First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Officer Linnimeier allegedly took Thompson's tablet soon after learning about the lawsuit, suggesting that the action was at least partially motivated by the First Amendment activity. It is reasonable to infer that losing access to a tablet, which itself provides access to forms, the law library, and religious materials could deter a reasonable person from future First Amendment activity. Thus, Thompson may proceed against Officer Linnimeier on a claim for retaliation under the First Amendment.

Thompson also alleges that Officer Linnimeier's presence worsens her anxiety because she makes her uncomfortable and is unpredictable. But the only specific instances she alleges in the amended complaint beyond those discussed above are that Officer Linnimeier did not allow her to exchange a towel soiled with blood for a clean one, denied her access to her tablet on several unspecified occasions, and generally made her uncomfortable. In addition, Thompson includes declarations from other inmates saying Officer Linnimeier picks on her and is rude to her. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441

4

U.S. 520, 535 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley*, 576 U.S. at 398 (quoting *Bell*, 441 U.S. at 561). Harassment can sometimes constitute punishment. *See Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (verbal harassment about known psychological vulnerability may amount to cruel and unusual punishment). But here, there are not enough specific facts about what Officer Linnimeier has done for the court to reasonably infer that Officer Linnimeier's actions rose to the level of punishment.

Finally, Thompson also filed a motion for a preliminary injunction, asking that Officer Linnimeier not be allowed to work on her block. ECF 8. She says that due to her PTSD, anxiety, and panic attacks, she instantly goes into a panic attack when she sees Officer Linnimeier. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, Thompson has been allowed to proceed on claims based on discrete incidents that happened in the past, not ongoing harms. Thus, there is no chance of success on the merits because injunctive relief to stop future behavior is outside the

5

scope of this lawsuit, which is only for monetary compensation for the alleged past acts of retaliation and interference with medication.

    For these reasons, the court:

    (1) GRANTS Brooke Thompson leave to proceed against Officer Mildred Linnimeier in her individual capacity for compensatory and punitive damages for interfering in Thompson's medical treatment on July 19, 2022, and August 18, 2022, in violation of the Fourteenth Amendment;

    (2) GRANTS Brooke Thompson leave to proceed against Officer Mildred Linnimeier in her individual capacity for compensatory and punitive damages for retaliating against her by taking away her tablet on June 2, 2022, in violation of the First Amendment;

    (3) DISMISSES all other claims;

    (4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Mildred Linnimeier at the Allen County Jail, with a copy of this order and the complaint (ECF 7);

    (5) ORDERS the Allen County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

    (6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Mildred Linnimeier to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 10, 2022.

                                                s/ Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT